UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY FELLMAN and JODI
FELLMAN,

     Plaintiffs,

v.                                                                                    Case No: 6:25-cv-464-JSS-LHP

TRAVEL + LEISURE, INC.,

     Defendant.

_____/

## **ORDER**

On November 14, 2025, the court dismissed Plaintiffs' complaint (Dkt. 1-1) without prejudice as a shotgun pleading and allowed Plaintiffs to file an amended complaint on or before December 5, 2025. (Dkt. 30.) Because Plaintiffs did not file an amended complaint or request an extension of time to do so before the deadline for amending expired, the order dismissing the complaint became a final judgment on December 5, 2025. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020). On December 16, 2025, the court entered an order to that effect, (Dkt. 33), the Clerk entered a judgment dismissing this case without prejudice, (Dkt. 34), and the case was closed. Defendant now moves for a determination that under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.2105, and the Florida Vacation Plan and Timesharing Act (FVPTA), Fla. Stat, § 721.21, Defendant is entitled to attorney fees and costs as the prevailing party in this case. (Dkt. 36.) Defendant estimates that as of December 15,

2025, it has incurred $19,863 in attorney fees.  (*Id.* at 9.)  Along with the motion, Defendant has filed a proposed bill of costs for reimbursement of the court's standard $405 filing fee.  (Dkt. 37.)

Plaintiffs' former counsel first moved to withdraw as their attorney of record on July 31, 2025, (Dkt. 25), but the court did not permit her to withdraw until April 21, 2026, (Dkt. 43).  In the interim, Plaintiffs occasionally undertook to act in this matter on their own behalf.  (*See, e.g.*, Dkt. 32.)  In accordance with Local Rule 3.01(g), Defendant's motion indicates that two days before the motion was filed, defense counsel conferred with Plaintiffs over the telephone and that Plaintiffs oppose the motion. (Dkt. 36 at 9.)  Plaintiffs' former counsel—still their attorney of record at the time—submitted a response to the motion that is, in essence, a non-response, although it does ask the court, in a conclusory fashion, not to assign attorney fees and costs to Plaintiffs.  (*See* Dkt. 38.)  The response does not engage with the substance of the motion but instead reports that the Florida Bar advised Plaintiffs' former counsel not "to file a response to the [m]otion."  (*Id.* at 6.)  On April 15, 2026, three months after the response was filed, the magistrate judge assigned to this case issued an order directing the Clerk to mail and email to Plaintiffs' personal addresses—not their counsel's address—both the April 15 order itself and Defendant's motion.  (Dkt. 39.)  The April 15 order also afforded Plaintiffs a last opportunity to respond to the motion, set a deadline of April 30, 2026, for the response, and cautioned Plaintiffs that failure to file a timely response would result in the motion being treated as unopposed.  (*Id.*)  The docket reflects that Plaintiffs did not timely file a response.

In a May 21, 2026 recommendation, the magistrate judge proposes that the court grant Defendant's motion and determine that Defendant is entitled to attorney fees under the FDUTPA and the FVPTA and to costs under the FDUTPA and 28 U.S.C. § 1920. (Dkt. 44.) The magistrate judge further recommends directing the Clerk to tax the proposed bill of costs and ordering the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount due. (Dkt. 44.) Plaintiffs, now officially proceeding pro se, object to the magistrate judge's recommendation. (Dkt. 45.) They contend that they did not receive notice of the April 15 order or Defendant's motion, that their former counsel misled them, that they should not be punished for problems involving their legal representation, and that the motion should not be deemed unopposed. (*Id.*) Respecting the last point, Plaintiffs represent that they "spoke directly with" defense counsel in December 2025 and "expressly stated" their opposition to the motion. (*Id.* at 4.) In response to Plaintiffs' objections, Defendant maintains that Plaintiffs' purported lack of notice "does not undermine any of the [recommendation]'s substantive legal conclusions," which in any event, are correct. (Dkt. 46 at 3, 5.) Defendant also asserts that Plaintiffs had actual notice of the motion for months and failed to respond to it. (*Id.* at 3–5.) Upon consideration, for the reasons outlined below, the court agrees with Defendant. Therefore, the court overrules Plaintiffs' objections (Dkt. 45), adopts the magistrate judge's recommendation (Dkt. 44), and grants Defendant's motion (Dkt. 36).

## BACKGROUND

Plaintiffs allege that starting in 2019, Defendant made various

misrepresentations and omissions to them in violation of state and federal laws and thereby induced them to sign timeshare agreements. (*See* Dkt. 1-1.) Based on Defendant's purported misconduct, Plaintiffs claim damages such as "[m]oney spent to purchase . . . timeshare points," "[m]aintenance fees required to be paid yearly," "[a] report of bad credit to . . . credit bureaus for stopping payment on a contract unlawfully obtained," "[t]he difference between what Plaintiffs paid for a hotel room per night using their timeshare points and what it would have cost them to reserve the same lodging elsewhere," and "[a]ttorney[] fees and costs." (*E.g.*, *id.* at 26.) Accordingly, Plaintiffs initiated this case in state court in January 2025 by filing a thirteen-count complaint against Defendant. (*See id. passim*.)

The complaint contains the following counts: negligent misrepresentation (count one), fraudulent misrepresentation (count two), negligent concealment of public offering statement (count three), fraudulent concealment of public offering statement (count four), negligent concealment of successor liability (count five), fraudulent concealment of successor liability (count six), violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617 (count seven), violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act and related regulations (count eight), negligent misrepresentation and intentionally negligent concealment of licensure (count nine), violation of the FDUTPA (count ten), concealing the arbitration clause and mitigation limitation clauses in the timeshare agreements (count eleven), violation of the FVPTA (count twelve), and attorney fees, costs, damages, and punitive damages (count thirteen). (Dkt. 1-1 at 8–32.) Except for

counts seven, twelve, and thirteen, which do not incorporate any allegations by reference, each count indicates that "Plaintiffs reallege and reincorporate by reference the above paragraphs, as if fully set forth below." (*Id.* at 8, 10, 12, 15, 17–18, 20–21, 24, 27.)  In a prayer for relief at the end of the complaint, Plaintiffs ask the court to find their timeshare agreements "void or voidable as a matter of law," to grant "rescission and restitution in favor of Plaintiffs and recoupment of any and all moneys paid by Plaintiffs as a result of" Defendant's purported misconduct, and to award Plaintiffs actual and punitive damages and legal fees. (*Id.* at 32–33.)

In March 2025, Defendant removed the case to this court based on federal question and supplemental jurisdiction.  (Dkt. 1 at 2–3.)  The following month, Defendant moved to dismiss the complaint with prejudice, asserting that Defendant was not a party to Plaintiffs' timeshare agreements.  (Dkt. 13 at 4–6.)  Alternatively, Defendant argued, to the extent that viable claims against Defendant arose from the agreements, the claims belonged in arbitration—not in this court—pursuant to the agreements' arbitration provisions. (*Id.* at 6–9.)  Accordingly, Defendant moved in the alternative to compel arbitration.  (*See id.*)  At the end of the motion, Defendant notified Plaintiffs of its intent to recover its attorney fees under the FDUTPA and the FVPTA. (*Id.* at 10.)  In accordance with Local Rule 3.01(g), the parties conferred prior to the filing of the motion, and in light of the conferral, Defendant reported Plaintiffs' opposition to the motion. (Dkt. 13 at 12.)  However, the docket reflects that Plaintiffs did not timely file a response in opposition.  *See* M. D. Fla. R. 3.01(d) ("[A] party may respond within twenty-one days after service to a motion to dismiss . . . .  If a party

- 5 -

fails to timely respond, the motion is subject to treatment as unopposed.").

In November 2025, the court sua sponte dismissed the complaint without prejudice and consequently denied the motion to dismiss the complaint as moot. (*See* Dkt. 30.) The court explained that Plaintiffs' shotgun pleading required dismissal:

> [M]ost of the thirteen counts in Plaintiffs' complaint—counts one through six and eight through eleven—incorporate all preceding paragraphs. Accordingly, these counts do not tell Defendant which factual allegations pertain to which claim. Conversely, Plaintiffs' other three counts—counts seven, twelve, and thirteen—do not incorporate any preceding paragraphs. As a result, these counts lack necessary allegations that identify the parties, assert jurisdiction, and contain factual support for the counts.

(*Id.* (citations omitted).) As indicated above, although the court permitted Plaintiffs to replead, (*see id.*), they did not do so, and this case was dismissed in December 2025, (*see* Dkts. 33, 34).

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations made by a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72. Generally, with respect to non-dispositive matters, the district judge "consider[s] timely objections and modif[ies] or set[s] aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) ("[A] district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly[ ]erroneous or contrary[ ]to[ ]law standard."). For dispositive

matters, the district judge typically conducts a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate [judge]'s report to which objections are filed."). That said, a district court is "afforded broad discretion . . . 'to decline to consider a party's argument when that argument was not first presented to the magistrate judge.'" *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Even in the absence of a specific objection, the district judge generally reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Although courts "give liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se parties are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). The leniency with which courts treat pro se parties does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

The FDUTPA and the FVPTA authorize the prevailing party in a civil action to recover reasonable attorney fees. *See* Fla. Stat. §§ 501.2105, 721.21. The FDUTPA provides:

> In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney[] fees and costs from the non[-]prevailing party.

Fla. Stat. § 501.2105(1). The FVPTA provides:

> An action for damages or for injunctive or declaratory relief for a violation of this chapter may be brought by any purchaser or owners' association against the developer, a seller, an escrow agent, or the managing entity. The prevailing party in any such action, or in any action in which the purchaser claims a right of voidability based upon either a closing before the expiration of the cancellation period or an amendment which materially alters or modifies the offering in a manner adverse to the purchaser, may be entitled to reasonable attorney[] fees. Relief under this section does not exclude other remedies provided by law.

Fla. Stat. § 721.21. "[T]o recover attorney[] fees in a FDUTPA action, a party must prevail in the litigation[,] meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013). A defendant that prevails against a FDUTPA claim may recover legal fees under section 501.2105(1). *See id.* at 370.

As to section 721.21, the court agrees with the magistrate judge that the "Florida law governing prevailing[-]party status" for the FDUTPA "appl[ies] equally to

FVPTA claims."  (Dkt. 44 at 11 (quotation omitted).)  *See United States v. Penn*, 63 F.4th 1305, 1313 (11th Cir. 2023) ("[Courts] prefer to read terms consistently across multiple statutes on the same subject because 'practical experience in the interpretation of statutes' establishes that 'a legislative body generally uses a particular word with a consistent meaning in a given context.'" (quoting *Erlenbaugh v. United States*, 409 U.S. 239, 243 (1972))); *Cox Enters. v. Pension Benefit Guar. Corp.*, 666 F.3d 697, 706 (11th Cir. 2012) ("The doctrine of in pari materia requires the courts to construe related statutes together so that they illuminate each other and are harmonized." (quoting *McGhee v. Volusia County*, 679 So. 2d 729, 730 n.1 (Fla. 1996))); *see also Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) ("Under Florida law, the prevailing party for purposes of attorney[] fees is the party that prevailed on any significant issue in the litigation.").

For present purposes, prevailing-party status requires "a favorable judgment from a trial court with regard to the legal action" and "the exhaustion of all appeals." *See Diamond Aircraft*, 107 So. 3d at 368.  Defendant satisfies these two requirements. First, pursuant to the court's December 16, 2025 order (Dkt. 33), the Clerk entered judgment (Dkt. 34) dismissing this case without prejudice and then closed the case. Second, the time to appeal has expired, and Plaintiffs have not appealed.  *See* Fed. R. App. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").  Further, Defendant "is the prevailing party under Florida law" because the court dismissed the case against Defendant, even though "the dismissal was without prejudice." *Dependable Component*,

- 9 -

572 F. App'x at 801 (collecting Florida cases); *see Herbst v. Am. Orthodontics Corp.*, No. 23-61262-CV-MIDDLEBROOKS, 2025 WL 3755394, at *1, 2025 U.S. Dist. LEXIS 266898, at *3 (S.D. Fla. Jan. 23, 2025) (determining that the defendants were the prevailing parties for FDUTPA purposes because "although th[e] matter was dismissed without prejudice, . . . a dismissal without prejudice operates as an adjudication on the merits when the plaintiff fails to amend by the time provided").

Because Defendant is a prevailing party under the FDUTPA and the FVPTA, the court has the discretion to award Defendant legal fees. *See Warren Tech., Inc. v. UL LLC*, No. 21-11168, 2021 WL 4940833, at *3, 2021 U.S. App. LEXIS 31857, at *7 (11th Cir. Oct. 22, 2021) ("Once the district court determines that a party is a prevailing party under [the] FDUTPA, it has discretion to award attorney[] fees after considering various equitable factors[.]").  When deciding a prevailing party's entitlement to fees, Florida courts commonly consider a non-exhaustive list of seven equitable factors: (1) "the scope and history of the litigation," (2) "the ability of the opposing party to satisfy an award of fees," (3) "whether an award of fees against the opposing party would deter others from acting in similar circumstances," (4) "the merits of the respective positions—including the degree of the opposing party's culpability or bad faith," (5) "whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless," (6) "whether the defense raised a defense mainly to frustrate or stall," and (7) "whether the claim brought was to resolve a significant legal question." *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. Dist. Ct. App. 2007).  "While [these] factors are not required . . . , courts routinely use them to

assess entitlement to fees . . . ." *CMR Constr. & Roofing, LLC v. UCMS, LLC,* No. 2:20-cv-867-JLB-KCD, 2023 WL 2930825, at *2, 2023 U.S. Dist. LEXIS 22253, at *6 (M.D. Fla. Feb. 9, 2023).

Defendant maintains that overall, the seven factors counsel in favor of its entitlement to fees. (Dkt. 36 at 6–7.) Defendant describes the complaint as containing vague, meritless, boilerplate claims that Plaintiffs' former legal representation often advanced against Florida timeshare companies. (*Id.* at 6; *see id.* at 7 ("As other [c]ourts in this District are aware, Plaintiffs' prior counsel's firm has filed at least fifty lawsuits involving various plaintiffs, using similar 'cookie-cutter' complaints that were devoid of merit, violated Florida and [f]ederal civil procedure rules, and lacked any meaningful investigation.").) In addition, Defendant highlights that Plaintiffs asserted the claims against it "despite being on notice that [it] was not a party to" the timeshare agreements at issue. (*Id.* at 6.) Defendant also contends that granting the instant motion would "serve the important purpose of deterring other litigants from filing pleadings in direct contravention of the governing rules without factual or legal support." (*Id.* at 7.) The magistrate judge associates these arguments with the first, third, fourth, and fifth factors and concludes that although "the motion does not address the second, sixth, or seventh factors," these factors also "support an award of fees." (Dkt. 44 at 9 & n.4.)

The court agrees that when considered as a whole, the factors weigh in Defendant's favor. *See Armstrong v. Knauf Gips KG*, No. 8:21-cv-2771-SCB-DAB, 2023 WL 9196688, at *8, 2023 U.S. Dist. LEXIS 190022, at *23 (M.D. Fla. Oct. 23, 2023)

(concluding that the third factor favored the defendants "in light of [the plaintiffs'] cookie-cutter complaints"), *report and recommendation adopted by* 2023 WL 9196666, at *1, 2023 U.S. Dist. LEXIS 214383, at *2 (M.D. Fla. Dec. 1, 2023); *Fuccillo v. Century Enters. Inc.*, No. 8:18-cv-1236-T-36AEP, 2020 WL 1431714, at *4, 2020 U.S. Dist. LEXIS 32887, at *12-13 (M.D. Fla. Jan. 15, 2020) ("[I]t was entirely unreasonable for [the p]laintiffs to continue with an action that they knew was not grounded in any colorable facts.  [The defendant] is therefore entitled to recover fees . . . ."), *report and recommendation adopted by* 2020 WL 897989, at *4, 2020 U.S. Dist. LEXIS 31854, at *11 (M.D. Fla. Feb. 25, 2020); *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *4, 2018 U.S. Dist. LEXIS 67703, at *13 (M.D. Fla. Mar. 26, 2018) ("While the record may not support a finding of bad faith or total frivolity, it is clear that [the p]laintiff's FDUTPA claim was meritless from the start and [the d]efendants pointed out that flaw early in the case.  Nonetheless, [the p]laintiff persisted in litigating the case.  Thus, [the first, fourth, and fifth factors] favor an award of fees in this case."), *report and recommendation adopted by* 2018 WL 1863779, at *1, 2018 U.S. Dist. LEXIS 67702, at *2 (M.D. Fla. Apr. 13, 2018); *cf. Kelly v. Water Works*, No. 2:24-cv-348-RAH-JTA, 2025 WL 1271298, at *6 n.8, 2025 U.S. Dist. LEXIS 82982, at *14 n.8 (M.D. Ala. May 1, 2025) ("Hopefully, the prospect of paying . . . will deter [the pro se plaintiff] from filing a shotgun pleading . . . ."), *report and recommendation adopted by* 2025 WL 1461271, at *1, 2025 U.S. Dist. LEXIS 96774, at *2 (M.D. Ala. May 21, 2025).

In addition to awarding reasonable attorney fees and costs under the FDUTPA, *see* Fla. Stat. § 501.2105(1), and reasonable attorney fees under the FVPTA, *see* Fla. Stat. § 721.21, the court may tax costs under 28 U.S.C. § 1920. In this case, Defendant is entitled to the requested $405 in costs under 28 U.S.C. § 1920(1). *See Knisley-Desmond v. Westfield Ins. Co.*, No. 8:25-cv-738-SDM-NHA, 2025 WL 2694995, at *1–2, 2025 U.S. Dist. LEXIS 123873, at *3 (M.D. Fla. June 30, 2025) ("[T]he [c]ourt dismissed [the p]laintiff's case without prejudice on May 12, 2025, and gave [the p]laintiff the opportunity to amend his complaint by May 26, 2025. [The p]laintiff failed to file an amended complaint, timely or otherwise. Accordingly, the [c]ourt's dismissal became a final judgment, and [the d]efendant became the prevailing party. As [such], [the d]efendant should be awarded the reasonable costs incurred in litigating the case. Here, [the d]efendant seeks only [$405] in '[f]ees of the Clerk,' specifically, the filing fee . . . . The filing fee is appropriately taxed under 28 U.S.C. § 1920(1)." (citations omitted)), *report and recommendation adopted by* 2025 WL 2694992, at *1, 2025 U.S. Dist. LEXIS 146122, at *1 (M.D. Fla. July 30, 2025).

In their pro se objections to the magistrate judge's recommendation, Plaintiffs emphasize their opposition to the instant motion. (Dkt. 45 at 4–5.) However, they do not argue that Defendant fails to satisfy the requirements of prevailing-party status under Florida law or that overall, the factors discussed above counsel against a fee award. (*See id. passim*.) Instead, Plaintiffs claim that they were unaware of the magistrate judge's April 15 order and Defendant's motion, that they demonstrated diligence and good faith throughout this action, and that problems with their legal

representation beyond their control caused this case to be dismissed. (*Id.* at 1–4.) Even liberally construed, *see Albra*, 490 F.3d at 829, these objections are unavailing. Regardless of whether Plaintiffs knew about the April 15 order, which permitted them to respond to the motion before the recommendation issued, (*see* Dkt. 39), Plaintiffs admit that they knew about the motion, (*see* Dkt. 45 at 4 ("In December 2025, Plaintiffs spoke directly with [defense counsel]. Plaintiffs expressly stated that[] they opposed the fee request, explained the background of the case, and sought to resolve the matter.")). Through their objections, Plaintiffs have now been heard on the motion. *See MacLeod v. Scott*, No. 3:14-cv-812-J-39PDB, 2015 U.S. Dist. LEXIS 184566, at *2 n.8 (M.D. Fla. July 22, 2015) ("Objections to a report and recommendation provide an opportunity to be heard."), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 182193, at *2 (M.D. Fla. Feb. 10, 2016). That Plaintiffs were heard after the recommendation issued is of no moment, as the court has considered their objections and reviewed the recommendation de novo. *See Club Madonna*, 42 F.4th at 1259 ("[T]he district court retains 'final adjudicative authority' in deciding whether to consider and evaluate new arguments that a party did not raise before the magistrate judge." (quoting *Williams*, 557 F.3d at 1292)); *see also Farias-Gonzalez*, 556 F.3d at 1184 n.1. Further, a review of the docket undermines Plaintiffs' claims of diligence and good faith.

Ultimately, Plaintiffs seek to separate themselves from their former counsel, on whom they wish to place all responsibility. (*See, e.g.*, Dkt. 45 at 2 ("[A]ny [shotgun-pleading] issues were the responsibility of counsel, not Plaintiffs.")) However, as a

principle, "[h]olding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply" with case-related obligations. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). "If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client could not suffer[,] the lawyer would not suffer[,] either." *Id.; see id.* at 318–19 (commenting that "[i]t may be that [the plaintiff] has a good malpractice action against her . . . lawyer," but nonetheless affirming the denial of the plaintiff's motion to reinstate her case under Federal Rule of Civil Procedure 60 when her lawyer's inaction allegedly led to dismissal). "By invoking [the FDUTPA and the FVPTA] and seeking redress under [the statutes'] remedial provisions, [Plaintiffs] exposed [themselves] to both the benefits and the possible consequences of [the statutes'] provisions." *See Diamond Aircraft*, 107 So. 3d at 369. Defendant is entitled to recover its legal fees from Plaintiffs as explained in this order.

## CONCLUSION

Accordingly:

1. Plaintiffs' objections (Dkt. 45) are **OVERRULED**.

2. The magistrate judge's recommendation (Dkt. 44) is **ADOPTED**.

3. Defendant's motion (Dkt. 36) is **GRANTED**.

4. Defendant is entitled to attorney fees under the FDUTPA and the FVPTA and to costs under the FDUTPA and 28 U.S.C. § 1920.

5. The Clerk is **DIRECTED** to tax the proposed bill of costs (Dkt. 37).

6. The parties shall comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount due.

**ORDERED** in Orlando, Florida, on June 23, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record